FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 29, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FELTS FIELD DEVELOPMENT, LLC, a Washington limited liability company,<br><br>                Plaintiff,<br><br>   v.<br><br>AERO CENTER FELTS FIELD, LLC, a Florida limited liability company,<br><br>                Defendant. | NO: 2:25-CV-0368-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

BEFORE THE COURT is Plaintiffs' Motion for Temporary Restraining Order. ECF No. 2. This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

## BACKGROUND

Plaintiff, Felts Field Development, seeks a temporary restraining order preventing Defendant from evicting it from Bay Three. The Space Permit

ORDER DENYING MOTION FOR TRO ~ 1

1  incorporated by reference the "Master Lease" and the "Master Lease" allows 30-
2  day eviction notice if the property isn't being used properly.

## DISCUSSION

A temporary restraining order (TRO), "like a preliminary injunction, is 'an extraordinary remedy never awarded as of right.'" *M.R. v. Dreyfus*, 735 F.3d 1058, 1059 (9th Cir. 2011) (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008)).  To prevail on their motion for a TRO, Plaintiffs must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury if the injunction does not issue, (3) that a balancing of the hardships weighs in their favor; and (4) that a preliminary injunction will advance the public interest. *Winter*, 555 U.S. at 20 (citations omitted).  To demonstrate that they are entitled to a TRO, Plaintiffs must satisfy each element.  In evaluating the elements of a preliminary injunction, "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) ("We have also articulated an alternate formulation of the *Winter* test, under which serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." (internal quotation marks omitted)).

ORDER DENYING MOTION FOR TRO ~ 2

1  Plaintiff asserts that the "Master Lease" referred to in the Space Permit was
2  not supplied to it.  However, paragraph 11 refers to the Master Lease and it is
3  incorporated into the Space Permit and is available for inspection.  ECF No. 6-3 at
4  3.

5  A. Likelihood of Success on the Merits

6  Plaintiffs must show that there are at least "serious questions going to the
7  merits" of their claims.  *Cottrell*, 632 F.3d at 1135.  They must also show that they
8  are likely to succeed on those questions of merit.  *Farris*, 677 F.3d at 865; *accord*
9  *Ameriquest Mortg. Co.*, 148 Wash. App. at 473 (". . . *likelihood* that the plaintiff
10 will ultimately prevail at a trial on the merits by showing (1) that he has a clear
11 legal or equitable right . . . .").

12 First, Plaintiff asserts that the 30-day notice was not incorporated into the
13 Space Permit.  However, it was as described above.

14 Plaintiffs have not established a likelihood of success on the merits of their
15 claim.

16 B. Likelihood of Irreparable Injury

17 Plaintiff seeking preliminary injunctive relief must "demonstrate that
18 irreparable injury is *likely* in the absence of an injunction."  *Winter*, 555 U.S. at 22
19 (emphasis in original).  "Issuing a preliminary injunction based only on a
20 possibility of irreparable harm is inconsistent with [the Supreme Court's]

ORDER DENYING MOTION FOR TRO ~ 3

characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* Put another way, Plaintiffs must show that they will likely suffer a substantial harm from the alleged wrongful conduct. *See Ameriquest Mortg. Co.*, 148 Wash. App. at 157.

Because Aero Center is entitled to send a 30-day notice, Plaintiff has not established the likelihood of an irreparable harm.

C. Balancing of the Hardships

"In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (internal quotation marks and citation omitted). While the Court recognizes the imminent irreparable nature of losing Bay Three, the Court also recognizes the right of Aero Center to evict.

Given that Plaintiffs have not identified any serious questions relating to the merits of their case, it is likely that they will not succeed in being evicted.

D. Advancement of the Public Interest

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)). Plaintiff contends that a TRO "would clearly serve the

ORDER DENYING MOTION FOR TRO ~ 4

public interest" because, in the absence of an injunction, Defendant will evict them. The Court concludes that in the circumstances of this case, denying a TRO will advance these purposes more than would granting a TRO.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Temporary Restraining Order (ECF No. 2) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** September 29, 2025.

THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR TRO ~ 5