J. SCOTT PRITCHARD, WSBA No. 50761          THE HON. THOMAS O. RICE
scott.pritchard@stoel.com
HARRISON L.E. OWENS, WSBA No. 51577
harrison.owens@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone:  206.624.0900
Facsimile:  206.386.7500

*Attorneys for Defendant Aero Center Felts Field, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FELTS FIELD DEVELOPMENT, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AERO CENTER FELTS FIELD, LLC, a Florida limited liability company,<br><br>Defendant. | Case No. 2:25-CV-00368-TOR<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Hearing Date: January 2, 2026**<br>**Without Oral Argument** |

## INTRODUCTION AND RELIEF REQUESTED

On September 18, 2025, FFD filed a motion for a temporary restraining order seeking to have the Court prevent Aero Center from terminating the Space Permit and evicting FFD from Bay Three at the Spokane Airport.[1] In support, FFD filed four declarations with 36 pages of sworn testimony and 41 separate exhibits, telling its version of the entire factual history of the dispute between the parties, in detail.

---

[1] Unless otherwise noted, capitalized terms have the meaning provided for in Aero Center's motion for summary judgment.

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT
(2:25-CV-00368-TOR) - 1

*See* ECF Nos. 3–6. In response, Aero Center simply pointed out that the Space Permit provides for termination at will of FFD's tenancy on 30 days' prior written notice, and that notice had been provided in compliance with the Space Permit's requirements. ECF No. 13. After review of the record, and being "fully informed," the Court agreed with Aero Center, finding "Aero Center is entitled to send a 30-day notice" and that FFD has "not identified any serious questions relating to the merits of their case." ECF No. 16.

In addition, FFD argued injunctive relief was necessary because otherwise Aero Center would evict FFD. The Court concluded FFD is not likely to succeed in preventing eviction and "that in the circumstances of this case, denying a TRO will advance these purposes more than would granting a TRO." *Id*. After the Court's ruling, Aero Center did indeed take steps to evict FFD, providing a notice to vacate. ECF No. 22-1–22-2. FFD, however, has refused to vacate Bay Three, and Aero Center promptly filed and sought summary judgment on its unlawful detainer claim, which is provided for via statutory summary proceedings. None of this is disputed.

In response to Aero Center's motion, FFD now claims that extensive and wide-ranging discovery is needed and that the Court cannot even decide the question of possession for many months, while FFD continues to occupy Bay Three and drive up the cost of this litigation. FFD's arguments are directly contrary to the plain language of the Space Permit, the facts already in its possession that were extensively presented to the Court, and the purpose of the unlawful detainer statute, which is to "remove the necessity to which the landlord was subjected at common

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
(2:25-CV-00368-TOR) - 2

151357861.5 0010854-00001 Include Draft

law, of bringing an action of ejectment with its attendant delays and expenses." *Spokane Airport Bd. v. Experimental Aircraft Ass'n, Chapter 79*, 495 P.3d 800, 805 (Wash. 2021) (citation omitted).

There is no genuine dispute of material fact as to the right to possession nor any basis under FRCP 56(d) to delay entry of the relief Aero Center seeks. Aero Center has not moved on FFD's claims concerning the Assignment Agreement, and FFD can seek whatever damages it believes it is entitled to in the ordinary course. There is only one simple issue before the Court on this motion, which can be decided as a matter of law: did the unambiguous language of the Space Permit grant Aero Center the right to terminate the Space Permit for convenience upon 30 days' written notice to FFD? The answer is yes, and Aero Center's motion for summary judgment on its unlawful detainer claim should be granted.

## REPLY STATEMENT OF FACTS

Pursuant to LCR 56(c)(1)(C), Aero Center's responses to FFD's purported disputed facts are set forth in the concurrently filed Reply Statement of Material Facts Not in Dispute.

## ARGUMENT

### A. The Space Permit Unambiguously Granted Aero Center the Right to Terminate for Convenience.

"Washington follows the objective manifestation theory of contract interpretation, under which the focus is on the reasonable meaning of the contract language to determine the parties' intent." *Viking Bank v. Firgrove Commons 3, LLC*, 334 P.3d 116, 120 (Wash. Ct. App. 2014) (citation omitted). While the court

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
(2:25-CV-00368-TOR) - 3

may look to extrinsic evidence "to help understand the parties' intent," "extrinsic evidence is to be used to determine the meaning of *specific words and terms used* and not to show an intention independent of the instrument or to vary, contradict, or modify the written word." *Id*. at 713 (emphasis in original; citation omitted).

"A contract provision is ambiguous when its terms are uncertain or when its terms are capable of being understood as having more than one meaning." *Mayer v. Pierce Cnty. Med. Bureau*, 909 P.2d 1323, 1326 (Wash. Ct. App. 1995). "[A]mbiguity will not be read into a contract where it can be reasonably avoided." *Id*. (brackets in original) (quoting *McGary v. Westlake Investors*, 661 P.2d 971, 974 (Wash. 1983)). "Interpretation of an unambiguous contract is a question of law," and "[i]f a contract is unambiguous, summary judgment is proper even if the parties dispute the legal effect of a certain provision." *Id*. at 1326 (citation omitted).

Here, as recognized by FFD in its opposition, Aero Center's unlawful detainer claim turns on whether the Space Permit granted Aero Center the right to terminate the Space Permit upon 30 days' prior written notice to FFD. ECF No. 30 at 12. The Court need not look any further than the unambiguous language of the Space Permit—recognized by Washington courts as embodying the parties' objective intent—to determine that it does.

FFD admits that Paragraph 2 of the General Terms and Conditions of the Space Permit grants Aero Center "the right to terminate this Permit effective upon thirty (30) days' prior written notice to" FFD. ECF No. 31 at 3. Paragraph 2 did not attach any conditions to Aero Center's exercise of its termination right; in fact, it

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
(2:25-CV-00368-TOR) - 4

provides that the right exists "[n]ot withstanding anything set forth in this Permit to the contrary." ECF No. 6-3 at 3. The Washington Supreme Court has upheld a similar early at-will commercial lease termination provision **at the same airport**. *See id.*; *Spokane Airport Bd.*, 495 P.3d at 804 ("A lease provision that allows one party to terminate the lease prior to the expiration of the term as originally fixed is valid and enforceable.").

FFD further admits that on August 29, 2025, Aero Center provided 30 days' written notice to FFD that it was exercising its right to terminate the Space Permit, but FFD remains in possession of Bay Three despite its deadline to vacate having long since passed. *See* ECF No. 31 at 4, 7. There is, therefore, no genuine dispute of material fact that the Space Permit's unambiguous terms granted Aero Center the right to terminate the Space Permit on 30 days' written notice, Aero Center provided the required notice on August 29, and FFD has refused to vacate Bay Three in compliance with the notice. Aero Center is entitled to summary judgment in its favor on its unlawful detainer claim. *See Spokane Airport Bd.*, 495 P.3d at 804–07.

In its opposition, FFD invites the Court to do what Washington law specifically forbids: rely on extrinsic evidence to read ambiguity into an otherwise unambiguous contract or modify the contract's terms. *See* ECF No. 30 at 14–16. Specifically, FFD asks the Court to look to "[e]xtrinsic evidence of the parties' negotiations, course of conduct, and the commercial purpose of the transaction," as well as the Assignment Agreement, to read Aero Center's termination right out of the Space Permit. *Id*. But the same cases FFD relies on specifically rejected FFD's

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
(2:25-CV-00368-TOR) - 5

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

151357861.5 0010854-00001 Include Draft

proposed approach and reiterated that extrinsic evidence cannot be used to modify or contradict the terms of a written contract. *See Viking Bank*, 334 P.3d at 120; *Berg v. Hudesman*, 801 P.2d 222, 229 (Wash. 1990). The Court should likewise reject FFD's invitation and instead look to the unambiguous language of the Space Permit to determine the parties' rights thereunder, especially where there is no inconsistency in a lease that provides both an initial term and a purchase or extension option as well as a right to terminate for convenience. *See Spokane Airport Bd.*, 495 P.3d at 804–07.[2]

In sum, the record shows Space Permit unambiguously granted Aero Center the right to terminate the Space Permit upon 30 days' written notice, Aero Center exercised that right on August 29, 2025, and FFD unlawfully remains in possession of Bay Three. Therefore, there is no genuine dispute of material fact as to FFD's unlawful detention of Bay Three, and Aero Center is entitled to summary judgment in its favor on this claim.

### B. FFD's Claims Are Not at Issue in the Motion.

FFD attempts to distract the Court from Aero Center's unlawful detainer claim by arguing that genuine disputes of material fact exist as to ***FFD's claims*** for recission of the Assignment Agreement. ECF No. 30 at 16–21. To be clear, Aero

---

[2] Notably, in its Complaint FFD specifically alleges that "[t]he only terms to which FFD is subject under the Space Permit are those within the four corners of the agreement," in direct contravention to its request that the Court look elsewhere to determine the parties' rights under the Space Permit. ECF No. 1 at 12.

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
(2:25-CV-00368-TOR) - 6

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

151357861.5 0010854-00001 Include Draft

Center has not moved for summary judgment on FFD's recission claims. As such, FFD cannot rely on those claims to argue that genuine issues of material fact exist as to Aero Center's unlawful detainer claim, the only claim at issue in the motion. *See generally* ECF No. 19. This is especially true where FFD's recission claims concern an alleged failure of consideration and mutual mistake as to the *Assignment Agreement*, not the Space Permit. *See* ECF No. 1 at 13–17; ECF No. 30 at 9 ("***Independent of the Space Permit issue***, FFD asserts that the Assignment Agreement is void or voidable …." (emphasis added)). If Aero Center's motion is granted, FFD's claims will remain in the case and FFD may continue to seek the relief asserted in its Complaint in the normal course.

### C.    FFD Has Not Met Its Burden for Seeking a FRCP 56(d) Continuance.

Finally, there is no basis for FFD's request that the Court deny or delay adjudication of the motion to allow FFD to pursue discovery, as no further discovery is necessary to rule on Aero Center's unlawful detainer claim.

"To prevail on a request for additional discovery under Rule 56(d), a party must show that (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619–20 (9th Cir. 2017) (citation omitted). While "Rule 56(d) motions should generally be freely granted, … that does not mean they must be granted whenever they are filed." *Gergawy v. U.S.*

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
(2:25-CV-00368-TOR) - 7

*Bakery, Inc.*, No. 2:19-CV-00417-SAB, 2021 WL 6139415, at *1 (E.D. Wash. Feb. 5, 2021); *see Blocktree Props., LLC v. Pub. Util. Dist. No. 2 of Grant Cnty. Wash.*, No. 2:18-CV-390-RMP, 2019 WL 2437468, at *2 (E.D. Wash. June 11, 2019) ("However, a Rule 56(d) motion may be denied when … additional discovery would be futile or irrelevant to the dispute.").

To be clear, as a threshold matter, Aero Center does not argue that the Court's ruling on FFD's motion for a temporary restraining order is the "law of the case." ECF No. 30 at 13. Rather, the Court's ruling simply reflects the reality of this case, which is that FFD's extensive recitation of facts (already within its possession) were ultimately irrelevant to the dispositive legal issue—that Aero Center had and exercised a contractual right to terminate the Space Permit at will. Nothing in FFD's opposition and FRCP 56(d) request changes that fundamental point.

Furthermore, none of the facts identified by FFD is essential to FFD's opposition to the motion. As set forth above, the Space Permit unambiguously granted Aero Center a right to terminate the Space Permit on 30 days' prior written notice, and extrinsic evidence cannot be used to modify or contradict the terms of a written contract. *See Mayer*, 909 P.2d at 1326–27; *Viking Bank*, 334 P.3d at 120; *Berg*, 801 P.2d at 229. ***All*** of the specific facts offered by FFD in its request for FRCP 56(d) relief are extrinsic to the Space Permit and, therefore, cannot be used to read Aero Center's termination right out of the Space Permit. *See* ECF No. 30 at 7–11; ECF No. 32 at 3–5 (identifying facts related to the parties' subjective

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
(2:25-CV-00368-TOR) - 8

151357861.5 0010854-00001 Include Draft

intentions, prior negotiations, and post-execution interactions with the Airport).[3] Tellingly, many of these facts are already within FFD's possession or, in fact, were already presented by FFD in support of its motion for temporary restraining order. *See, e.g.*, ECF No. 5 at 2–7 (Sessions declaration discussing FFD's subjective beliefs and the parties' negotiations and course of conduct); ECF No. 6 at 3–19 (Turner declaration discussing FFD's subjective beliefs and the parties' negotiations and course of conduct).

FFD's decision to omit these facts from its opposition while requesting FRCP 56(d) relief illustrates its gamesmanship in trying to delay adjudication of Aero Center's unlawful detainer claim. By doing so, FFD seeks to deprive Aero Center of the benefits of the summary proceeding required under Washington law, *see Spokane Airport Bd.*, 495 P.3d at 805, and for all practical purposes obtain the very same injunctive relief that the Court denied. *See* ECF No. 16; ECF 13 at 9 (Aero Center explaining how it is unable to engage in self-help to remove tenant under Washington law).

FFD has not carried its burden of identifying specific facts it hopes to elicit

---

[3] Several of the specific facts cited by FFD concern FFD's recission claims related to the Assignment Agreement. *See, e.g.*, ECF No. 30 at 10 ("Fact 3: FFD and Aero Center believed Aero Center could convey the right to purchase Bay Three to FFD, and that belief was central to the Assignment Agreement."). As noted above, and as is apparent from the face of Aero Center's motion, FFD's recission claims are not at issue in the instant motion and can be decided in the normal course.

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
(2:25-CV-00368-TOR) - 9

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

151357861.5 0010854-00001 Include Draft

from further discovery and establishing how those facts are essential to opposing Aero Center's motion for partial summary judgment. *Midbrook Flowerbulbs Holland B.V.*, 874 F.3d at 619–20. There is no reason for further delay, and Aero Center's motion is properly granted now.

## CONCLUSION

For the reasons set forth above and in the motion, Aero Center respectfully requests that the Court grant summary judgment in favor of Aero Center on Aero Center's unlawful detainer claim against FFD.

DATED: December 17, 2025.          STOEL RIVES LLP


*s/ Scott Pritchard*
J. SCOTT PRITCHARD, WSBA No. 50761
scott.pritchard@stoel.com
HARRISON L.E. OWENS, WSBA No. 51577
harrison.owens@stoel.com
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

Attorneys for Defendant AERO CENTER
FELTS FIELD, LLC

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
(2:25-CV-00368-TOR) - 10

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

151357861.5 0010854-00001 Include Draft

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

DATED: December 17, 2025.        STOEL RIVES LLP

s/ Scott Pritchard
J. SCOTT PRITCHARD, WSBA No. 50761
scott.pritchard@stoel.com
HARRISON L.E. OWENS, WSBA No. 51577
harrison.owens@stoel.com
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

Attorneys for Defendant AERO CENTER
FELTS FIELD, LLC

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT
(2:25-CV-00368-TOR) - 11

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

151357861.5 0010854-00001 Include Draft