UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FELTS FIELD DEVELOPMENT, LLC, a Washington limited liability company,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>AERO CENTER FELTS FIELD, LLC, a Florida limited liability company,<br><br>　　　　　　　　　Defendant. | NO. 2:25-CV-0368-TOR<br><br>ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant's Motion for Partial Summary Judgment (ECF No. 19). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion for Partial Summary Judgment (ECF No. 19) is DENIED.

**BACKGROUND**

This case arises from allegations of unlawful detainer and contract disputes

ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

1  regarding a sublease agreement.  ECF Nos. 1; 17.  Plaintiff requests rescission

2  regarding an agreement to assign and purchase assets ("Assignment Agreement")

3  under theories for failure of consideration and mutual mistake and requests

4  declaratory judgment regarding the validity of the agreements and interpretation of

5  the requisite terms.  ECF No. 1 at 10-16.

6       Defendant is the principal fixed base operator at Felt Field Airport

7  ("Airport") and, in that capacity, leases and manages the hangar bays to ensure

8  compliance with any contractual obligations to the Airport and the Federal

9  Aviation Administration ("FAA") regulations.  ECF No. 31 at 2.  The written

10 sublease agreement ("Space Permit") was executed by the parties in February

11 2023.  ECF No. 31 at 2-3.  Pursuant to the Space Permit, Defendant leased a

12 hangar ("Bay Three") at the Airport to Plaintiff.  ECF No. 31 at 2-3.

13      Under paragraph two of the Space Permit, the Space permit states that

14 Defendant has the right to terminate the Space Permit upon thirty days' prior

15 written notice to Plaintiff.  ECF No. 6-4 at 6.  On August 29, 2025, Defendant

16 provided Plaintiff written notice of termination of the Space Permit thirty days

17 following the date of the notice.  ECF No. 31 at 4.  As of the date of filing,

18 December 3, 2025, Plaintiff remains in possession of Bay Three.  ECF No. 31 at 5.

19      While these facts are generally agreed upon by both parties, Plaintiff

20 provides additional context.  In addition to the Space Permit, the Parties both

1  executed an Assignment Agreement. ECF No. 30 at 9; 32 at 4; 34 at 3, 6-7.

2  Before the Space Permit was executed, the parties executed the Assignment

3  Agreement. ECF No. 30 at 2. The signatures on the Assignment Agreement

4  represent a date of November 12, 2022. ECF No. 6-1 at 15. Furthermore, the

5  Assignment Agreement states a requirement for the assignor to deliver a sublease

6  agreement between the parties as listed under closing procedures. ECF No. 6-1 at

7  7. The lease term was to extend through February 28, 2026. ECF Nos. 1 at 6; 6-3;

8  30 at 14-17. Additionally, the parties agreed on an option to purchase addendum

9  to the Space Permit. ECF Nos. 1 at 7-8; 6-3 at 11; 30 at 10. Plaintiff alleges that

10 they continued to perform to exercise this right to purchase. ECF No. 30 at 17.

11         Pursuant to these agreements, Plaintiff reached out to the Spokane Airport

12 Board ("Airport Board"), the administrator and operator of the Airport, for

13 approval. ECF Nos. 1 at 2; 30 at 17. The Airport Board and Defendant appear to

14 have an entered into an overarching lease and operating agreement ("Master

15 Lease"), which is incorporated into the Space Permit and renders the Space Permit

16 subordinate to the Master Lease. ECF No. 6-4 at 4, 6. The Airport Board did not

17 approve the Space Permit and the parties were working to amend their agreement

18 to comply with the Airport Board. ECF Nos. 30 at 17; 6-36. This effort was not

19 completed by the time this case was filed.

20         Plaintiff provides that the Assignment Agreement is void or voidable

ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 3

1 because the parties entered the transaction with the belief that Defendant could
2 "convey a multi-year lease and purchase option without discretionary interference
3 by the Airport Board." ECF No. 30 at 9; 32 at 4.  The lease in question is the
4 Space Permit.

5      Plaintiff requests declaratory judgment that the Space Permit is valid,
6 binding and enforceable and their continued possession of Bay Three is subject to
7 its renewal and purchase rights and Defendant may not terminate the Space Permit
8 using thirty days' notice without an uncured material breach and compliance with
9 the default and cure procedures in the Space Permit.  ECF No. 1 at 16.  Also, that
10 the Space Permit does not incorporate any terms from the Master Lease and a
11 decree restoring the status quo ante as possible and returning any exchanged
12 consideration.  *Id*.  Furthermore, any other relief under 28 U.S.C. § 2202 with an
13 order enjoining Defendant from termination except with compliance of default and
14 the cure procedures.  ECF No. 1 at 16.  In the alternative, Plaintiff requests
15 restitution, attorney's fees, costs, and pre- and post-judgment interest.  *Id.*

16      Defendant filed numerous affirmative defenses and a crossclaim for
17 unlawful detainer.  ECF No. 17.  Defendant asks the Court to issue a writ of
18 restitution directing possession of Bay Three to Aero Center.  ECF No. 17 at 19.
19 Defendant requires the damages of double the amount of damages, pre- and post-
20 judgment interest and award of fees, costs, expenses, attorneys' fees, etc.  ECF No.

ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 4

17 at 19-20.

On November 12, 2025, Defendant moved for Partial Summary Judgment. ECF No. 19. Defendant asks the Court to grant Summary Judgment in their favor for their unlawful detainer claim against Plaintiff and a Writ of Restitution. ECF No. 19 at 5-6.

Alternatively, Plaintiff requests to continue discovery under Federal Rule of Civil Procedure Rule 56(d). ECF No. 30. Plaintiff alleges they did not have the opportunity to conduct or engage in meaningful discovery. ECF No. 30 at 21. Due to the Ninth Circuit's liberal approach to Rule 56(d) motions, Plaintiff requests for Defendant's summary judgment to be denied or continued. *Id.* Regardless, Plaintiff claims that there are genuine issues of material fact that preclude summary judgment. *Id.*

## DISCUSSION

Federal Rule of Civil Procedure Rule 56 governing summary judgment provides "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A material fact is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A material fact is 'genuine'…if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The burden initially rests

1   with the moving party; however, once that burden is met, it shifts to the non-
2   moving party.  *Id.* at 257.
3         "[S]ummary judgment should be granted where the evidence is such that it
4   'would require a directed verdict for the moving party.'"  *Anderson*, 477 U.S. 242,
5   251 (1986) (quoting *Sartor v. Arkansas Gas Corp.,* 321 U.S. 620, 624 (1944)).
6   Additionally, if "the nonmoving party has failed to make a sufficient showing on
7   an essential element of her case with respect to which she has the burden of proof"
8   then the moving party is "entitled to a judgment as a matter of law." *Celotex Corp.*
9   *v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).
10        The Court "must view the evidence in the light most favorable to the
11  nonmoving party."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d
12  626, 630 (9th Cir. 1987).  In other words, if the moving party provides direct
13  evidence that conflicts with the non-moving party's direct evidence, the court
14  "must assume the truth of the evidence set forth by the nonmoving party with
15  respect to that fact." *T.W. Elec. Serv., Inc.*, 809 F.2d at 631.  Additionally, the
16  Court shall state the reasons for granting or denying the motion on the record.
17  Fed. R. Civ. P. 56.
18        Defendant states they rightfully terminated the Space Permit with Plaintiff
19  by sending thirty days' written notice as stated under section 2 of the Space Permit.
20  ECF No. 19 at 4.  Defendant states that there is no dispute about whether

ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 6

1  Defendant provided thirty days' notice and therefore, the Court should grant
2  summary judgment on Defendant's unlawful detainer claim. ECF No. 19 at 4.
3      Unlawful detainer actions are set forth throughout Title 59, however, under
4  RCW 59.12.010-.230 unlawful detainer actions are established. "An unlawful
5  detainer action is a summary proceeding to determine the right to possession of
6  property." *Josephinium Assocs. v. Kahli*, 111 Wash. App. 617, 624 (2002).
7  "Washington's unlawful detainer statute is in derogation to the common law and
8  must be strictly construed in favor of the tenant." *Spokane Airport Bd. v.*
9  *Experimental Aircraft Ass'n, Chapter 79*, 198 Wash. 2d 476, 483 (2021). "Issues
10 unrelated to possession are not properly part of an unlawful detainer action."
11 *Josephinium*, 111 Wash. App. at 624 (quoting *Heaverlo v. Keico Industries,*
12 *Inc.,* 80 Wash. App. 724, 728 (1996)).
13     In response, a tenant may "assert 'any legal or equitable defense or set-off
14 arising out of the tenancy.'" *Josephinium*, 111 Wash. App. at 624 (quoting RCW
15 59.18.380). "To protect the summary nature of the unlawful detainer action,
16 defenses 'arise out of the tenancy' only when they affect the tenant's right of
17 possession or are 'based on facts which excuse a tenant's breach.'" *Josephinium*,
18 111 Wash. App. at 625 (quoting *Port of Longview v. Int'l Raw Mats., Ltd.,* 96
19 Wash. App. 431, 437 (1999)) (internal quotations omitted). If a tenant presents a
20 defense that arises out of the tenancy, the court must review it. *Josephinium*, 111

ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 7

1  Wash. App. at 625.  On the other hand, if the counterclaim or defense is not

2  necessary to determine the right of possession, then the court does not have

3  jurisdiction to consider it for an unlawful detainer action.  *Id.*

4        Plaintiff argues that the Court's Order did not resolve any factual disputes

5  for summary judgment, there is a dispute about whether the lease term expired, and

6  Plaintiff's requests under failure of consideration could eliminate Defendant's right

7  to possession.  ECF No. 30 at 13-20.  Plaintiff does not oppose that the language of

8  the termination with thirty days written notice is not present, however, that it is

9  contradicted with provisions in the Assignment Agreement and Space Permit.

10 ECF No. 31 at 3.  In short, Plaintiff argues that the terms for the option to purchase

11 and Assignment Agreement are inconsistent with the terms of the Space Permit

12 because of the thirty-days' notice.  Furthermore, Plaintiff argues that the premise

13 of the Space Permit was a component of the Assignment Agreement.  ECF No. 30

14 at 16-19.

15       Plaintiff's claims of mutual mistake and failure of consideration are

16 necessary to determine the right of possession.  "Leases are conveyances whose

17 covenants are interpreted under contract law, where we aim to ascertain the intent

18 of the parties." *Spokane Airport Bd. v. Experimental Aircraft Ass'n, Chapter 79*,

19 198 Wash. 2d 476, 484 (2021).  "[T]he failure of a significant, material portion of

20 the consideration for a contract constitutes grounds for its rescission. *Wilkinson v.*

ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 8

1 *Sample*, 36 Wash. App. 266, 272 (1983) (citing *Krause v. Mariotto,* 66 Wash. 2d 919, 920 (1965). "Rescission means to abrogate *or annul* and requires the court to fashion a remedy to restore the parties to the relative positions they would have occupied if no contract had ever been made." *Am. Cont'l Ins. Co. v. Steen*, 151 Wash. 2d 512, 532 n.6, *as amended* (July 30, 2004) (quoting *Busch v. Nervik,* 38 Wash. App. 541, 547 (1984)) (citations omitted).

If mutual mistake occurs, then the contract is voidable by the adversely affected party unless that party bears the risk of the mistake. *Paopao v. State, Dep't of Soc. & Health Servs.*, 145 Wash. App. 40, 50 (2008). Additionally, "[w]here there is a clear bona fide mutual mistake regarding material facts, equity will grant a recission. *Super Valu Stores, Inc. v. Loveless*, 5 Wash. App. 551, 554 (1971) (citing *Stahl v. Schwartz*, 67 Wash. 25 (1912)); *In re M.D.*, 110 Wash. App. 524, 542 (2002).

Under these contract defenses, the issue of possession is connected to the outcome of these claims. If Defendant could not offer a part of the Assignment Agreement, the Space Permit, then the term that Defendant used to terminate the Space Permit is not valid. In other words, if the Assignment Agreement is void or voidable, then the Space Permit and Option to buy may not be valid either because they appear to be connected agreements. Therefore, the issue of possession is not clear because Plaintiff's claims are tied into the right of possession.

ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 9

Additionally, Plaintiff moved for a continuance under Rule 56(d). ECF No. 30 at 4. Plaintiff's Motion for Continuance under Rule 56(d) argues that specific facts will be investigated to determine possession. Some of these facts include: whether the Space Permit was intended to be a fixed-term agreement not subject to at-will termination, whether both parties understood that Defendant could provide the Space Permit on the negotiated terms, and whether the parties believed Defendant could convey the right to purchase Bay Three to Plaintiff which was central to the Assignment Agreement. ECF No. 30 at 7-10.

Under Rule 56(d), if facts are not available to the nonmoving party which is shown either by affidavit or declaration that it cannot provide essential facts to justify its opposing position, the Court may defer the summary judgment motion or deny it, allow time to obtain affidavits, declarations or take discovery or any other necessary order. FED. R. CIV. P. 56(d). The non-moving party must exemplify that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 662 (9th Cir. 2020) (quoting *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619–20 (9th Cir. 2017)). In short, the party requesting the continuance must provide what specific facts discovery would reveal and explain why the facts would preclude summary judgment. *Tatum*

ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 10

*v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (citations omitted).  This burden is on the proponent of the additional discovery requests.  *Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

In response to Defendant's Partial Summary Judgment Motion, Plaintiff timely filed this Motion for Continuance under Federal Rule of Civil Procedure 56(d).  A Rule 56(d) motion must be brought before the summary judgment hearing.  *See THI-Hawaii, Inc. v. First Com. Fin. Corp.*, 627 F.2d 991, 994 (9th Cir. 1980).  Plaintiff provided a declaration stating numerous facts that would be identified.  ECF No. 32.  Among other facts, Plaintiff provides facts regarding whether the parties agreed Plaintiff would occupy Bay Three through February 28, 2026, and continue through the option period, whether the thirty day termination clause intended to alter the fixed-term occupancy, the intent of the parties, the parties' belief that the Airport Board approval requirement was a formality, and whether the parties believed Defendant had authority to convey a valid option to purchase Bay Three.  ECF No. 32 at 3-6.  Additionally, Plaintiff explains how discovery will establish these facts.  ECF No. 32 at 5-7.  Plaintiff lists how depositions of specific individuals, document subpoenas, and document discovery will establish these facts.  *Id.*

These facts are necessary to determine the right of possession and for Plaintiff to effectively oppose summary judgment.  As stated in the Assignment

ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 11

1  Agreement, the Assignor (Plaintiff) must provide a sublease agreement with
2  specific terms where Plaintiff may sublease Bay Three with the option to buy.
3  ECF No. 6-1.  However, neither party received approval for this agreement from
4  the Airport Board beforehand.  Once Plaintiff attempted to receive approval, the
5  parties attempted to make the agreements compliant with the Airport Board.  ECF
6  No. 6-36 at 3.  However, there was never a resolution of the contract with
7  Defendant.

8        Accordingly, while Defendant provided thirty days' notice, it is not clear
9  that the Assignment Agreement and the Space Permit are valid.  It is unclear
10 whether the Space Permit is valid because it may require the Airport Board's
11 approval.  Defendant argues it is a separate issue; however, Plaintiff argues that it
12 is not and that the Space Permit is dependent upon the Assignment Agreement's
13 execution.  ECF No. 34 at 7.  Plaintiff has demonstrated this connection through
14 the display of the sublease term in the Assignment Agreement and the terms of the
15 option to buy clause.  ECF Nos. 6-1; 6-4 at 8.  Furthermore, Plaintiff provided
16 different discovery methods and individuals that will help Plaintiff discover these
17 facts.  Moreover, information from the Master Lease, intent of the parties and
18 connection of the agreements will help clarify the issue of possession.  In short,
19 Plaintiff established that additional facts are necessary to determine the effect of
20 Plaintiff's contract claims on the issue of possession.

ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 12

1     Defendant contends that there must be a genuine issue of material facts,

2 however, Plaintiff established a need for continuance.  Furthermore, Plaintiff

3 provided necessary facts that are either not determined or are in dispute.  ECF No.

4 30.

5     Defendant continues that Plaintiff has all the necessary facts.  ECF No. 34 at

6 9.  However, Plaintiff proved that these additional facts are necessary to oppose

7 Defendant's Partial Summary Judgment Motion.  ECF No. 1 at 13-15.  As Plaintiff

8 stated, depositions and discovery of specific individuals and document discovery

9 will provide them with these facts.  ECF No. 32.  Plaintiff demonstrated the

10 necessity to continue the proceedings to discover essential facts.  Therefore, the

11 Court finds good cause to grant a continuance under Federal Rule of Civil

12 Procedure Rule 56(d) to proceed with discovery and deny Defendant's Motion for

13 Summary Judgment.  However, Defendant may renew the Motion for Summary

14 Judgment as the case proceeds.  ECF No. 32 at 5-7.

15 /

16 /

17 /

18 /

19

20

ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 13

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Partial Summary Judgment (ECF No. 19) is **DENIED.**

2. Plaintiff's request to continue under Federal Rule of Civil Procedure 56(d) is **GRANTED.**

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED February 19, 2026.



THOMAS O. RICE
United States District Judge

ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 14